*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PETITION OF IRON COUNTY
TREASURER FOR FORECLOSURE.

---

IRON COUNTY TREASURER,

        Petitioner-Appellee,

v

GEORJEAN POLICH-VANDOREN, Trustee of the
GEORGE POLICH FAMILY TRUST,

        Claimant-Appellant.

UNPUBLISHED
July 29, 2025
12:11 PM

No. 368382
Iron Circuit Court
LC No. 20-006007-CZ

---

Before: CAMERON, P.J., and REDFORD and GARRETT, JJ.

PER CURIAM.

Claimant appeals as of right the order denying its motion for disbursement of the remaining proceeds following a tax-foreclosure sale of real property. We affirm.

## I. BACKGROUND

### A. STATUTORY FRAMEWORK

In *Rafaeli, LLC v Oakland Co*, 505 Mich 429, 484; 952 NW2d 434 (2020), our Supreme Court held that former owners of properties sold at tax-foreclosure sales for more than what was owed in taxes, interests, penalties, and fees had "a cognizable, vested property right to the surplus proceeds resulting from the tax-foreclosure sale of their properties." Because this right continued to exist after fee simple title to the properties vested with the foreclosing governmental unit (FGU), the FGU's "retention and subsequent transfer of those proceeds into the county general fund amounted to a taking of plaintiffs' properties under Article 10, § 2 of [Const 1963]." *Id*. at 484-485. Accordingly, the Court held that former owners were entitled to just compensation in the form of the return of the surplus proceeds. *Id*. at 485. When the Court decided *Rafaeli*, the General

Property Tax Act (GPTA), MCL 211.1 et seq., did not provide a means by which property owners could recover their surplus proceeds.

In response to *Rafaeli*, the Legislature passed 2020 PA 255 and 2020 PA 256, which were given immediate effect on December 22, 2020. MCL 211.78t, a provision added to the GPTA by 2020 PA 256, provides the means for former owners to claim and receive any applicable "remaining proceeds"[1] from the tax-foreclosure sales of their former properties. Property owners whose properties were sold at tax-foreclosure sales after July 17, 2020, the date the *Rafaeli* decision was issued, and who intend to recover any proceeds remaining from the sale after satisfaction of taxes, interest, penalties, and fees, are required to notify the FGU of their intent by submitting Department of Treasury Form 5743 by the July 1 immediately following the effective date of the foreclosure of their properties. MCL 211.78t(2).[2]

## B. FACTUAL AND PROCEDURAL BACKGROUND

Claimant owned vacant land and fell behind paying its property taxes. The property was foreclosed upon in February 2021. Under MCL 211.78t(2), former owners may claim and receive any applicable "remaining proceeds" from the tax-foreclosure sales of their former properties so long as they notify the foreclosing governmental unit (FGU) of their intent by submitting a specific form by the July 1 immediately following the effective date of the foreclosure. Claimant did not file the notice required by MCL 211.78t(2) by the July 1 deadline. The property was later sold at a tax-foreclosure sale for more than what claimant owed, resulting in a surplus of $29,270.35. Claimant moved for disbursement of the remaining proceeds, which the trial court denied because it had not complied with the notice requirements of MCL 211.78t(2). This appeal followed.

## II. STANDARDS OF REVIEW

We review de novo whether the trial court properly interpreted and applied the relevant statutes. *Makowski v Governor*, 317 Mich App 434, 441; 894 NW2d 753 (2016). Whether a party has been afforded due process is a question of law that we also review de novo. *In re Moroun*, 295 Mich App 312, 331; 814 NW2d 319 (2012).

## III. WAIVED ARGUMENTS

Claimant concedes that it raises the following arguments for the first time on appeal: (1) that MCL 600.2301 should be applied to disregard claimant's failure to comply with MCL 211.78t; (2) that the rule of substantial compliance should be applied to disregard claimant's failure to timely file the notice of intention required by MCL 211.78t(2); (3) that the harsh-and-unreasonable-consequences exception should be applied to set aside the July 1 deadline for filing the notice of intention; (4) that application of the doctrine of unjust enrichment was warranted to

---

[1] *Rafaeli* referred to "surplus proceeds," and MCL 211.78t refers to "remaining proceeds."

[2] Our Supreme Court also held that *Rafaeli* applies retroactively to claims not yet final on July 17, 2020, and that MCL 211.78t applies retroactively to claims arising before its enactment. *Schafer v Kent Co*, ___ Mich ___; ___ NW3d ___ (2024) (Docket Nos. 164975 and 165219).

prevent petitioner from unjustly retaining claimant's remaining proceeds; and (5) that the notice requirements of MCL 211.78t violate substantive due process.

Because Michigan follows the "raise or waive" rule of appellate review in civil cases, *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023), and claimant failed to raise these arguments in the trial court, they are waived. Although we "may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented[,]" *id*. at 289-290 (quotation marks and citation omitted), claimant has presented no compelling reason for us to do so. We therefore decline to consider these issues.

Even if we were to consider claimant's arguments, they are without merit. Claimant has cited no authority demonstrating that the untimely submission of a statutorily required notice is a "defect in the proceeding" that may be cured by MCL 600.2301, and provides no argument to support its contention that trial courts further justice by disregarding the plain, unambiguous requirements of a constitutional statute. The rule of substantial compliance does not apply because MCL 211.78t does not have a substantial-compliance provision and it was not overly burdensome for claimant to comply with the statute's straightforward requirements. For similar reasons, the harsh-and-unreasonable-consequences exception does not apply. Moreover, petitioner's compliance with MCL 211.78t does not constitute unjust enrichment, and the Legislature's clearly expressed intent for the statute to serve as the exclusive means to recover any remaining proceeds precludes an action for unjust enrichment. Finally, claimant concedes that this Court, in *In re Petition of Muskegon Co Treasurer for Foreclosure*, 348 Mich App 678, 696; 20 NW3d 337 (2023), already determined that the notice requirements of MCL 211.78t do not violate substantive due process.

## IV. PRESERVED ISSUES

As for its remaining, preserved issues, claimant first argues that MCL 211.78t violates procedural due process by not affording a timely hearing before retaining remaining proceeds and by providing notices that do not clearly inform property owners that their remaining proceeds are at risk, identify the remaining proceeds at risk, and are not delivered by personal service. But this Court, in *In re Petition of Muskegon Co Treasurer for Foreclosure*, 348 Mich App 678, 696; 20 NW3d 337 (2023), held that the "[t]he statutory scheme set up by our Legislature . . . satisfies due process[,]" and that, if the procedures in MCL 211.78t are followed, "the risk of erroneous deprivation is nil . . . ." Because we are bound by this Court's decision in *Muskegon Co Treasurer*, MCR 7.215(J)(1), and petitioner followed the procedures outlined in MCL 211.78t, claimant has failed to establish that its due process rights were violated.

Claimant next contends that petitioner's "confiscation" of the foreclosure sale's remaining proceeds without just compensation constitutes an unconstitutional taking under both the Michigan and United States Constitutions. See US Const, Ams V and XIV; Const 1963, art 10, § 2. In *Muskegon Co Treasurer*, 348 Mich App at 701, this Court held that the respondents did not have a compensable Takings Clause claim because the Legislature provided a statutory pathway to recover any remaining proceeds, the petitioner followed this statutory scheme, and the respondents failed to take the minimally burdensome first step to recover the proceeds by filing a timely notice

of intention.  Again, because we are bound by the holding in *Muskegon Co Treasurer*, claimant has failed to establish that it has a compensable Takings Clause claim.

Claimant concedes that *Muskegon Co Treasurer* resolves its due-process and Takings Clause claims and acknowledges that we are bound by that decision.  Nonetheless, claimant suggests that this Court should issue a conflict opinion so that, under MCR 7.215(J)(2), a special panel may review the holding of *Muskegon Co Treasurer*.  We note that claimant does not point to any specific deficiencies in *Muskegon Co Treasurer*'s reasoning; it merely advances the same arguments that were expressly considered and rejected by *Muskegon Co Treasurer*.  Additionally, we see no faults in *Muskegon Co Treasurer* warranting a conflict opinion.

Affirmed.

/s/ Thomas C. Cameron
/s/ James Robert Redford
/s/ Kristina Robinson Garrett